United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>    v.<br><br>DEBRA REED,<br>        Defendant. | Case No. 97-cv-01173-MAG (JSC)<br><br>**ORDER REQUESTING SUPPLEMENTAL PLEADINGS REGARDING APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**<br><br>Re: Dkt. No. 9 |

In 1997, Plaintiff the United States of America brought an action to collect a student loan debt from Defendant Debra Reed. Ms. Reed did not respond and default judgment was entered against her on June 16, 1997 in the amount of $2,438.30. Nearly 19 years later, the United States filed the now pending Ex Parte Motion for Writ of Continuing Garnishment seeking an order authorizing garnishment of Ms. Reed's earnings from the City and County of San Francisco. (Dkt. No. 9.) Because the Court has concerns regarding certain aspects of the application, the United States is ordered to file a supplemental memorandum and declaration in support of its application as set forth below.

**DISCUSSION**

To obtain a writ of garnishment, the United States must (1) file an application for a writ of garnishment in accordance with 28 U.S.C. § 3205(b), and (2) prepare and file with the Clerk of the Court a notice in the form proscribed in 28 U.S.C. § 3202(b). The notice must include an explanation of the judgment debtor's rights, exemptions that may apply, and the procedures applicable if the judgment debtor disputes the issuance of the writ. 28 U.S.C. § 3202(b). These procedures include the right to request a hearing before the Court within 20 days of receipt of the notice. *Id.* The Clerk shall issue the notice upon filing and the United States shall serve the notice

1   and copy of the application for a writ of garnishment on the judgment debtor and the garnishee.

2   28 U.S.C. § 3202(c).

3         Upon receipt of an application for a writ of garnishment, the court shall issue the writ of

4   garnishment if it is satisfied that the United States has complied with the requirements of Section

5   3205(b). In particular, the application must indicate: (1) the judgment debtor's name, social

6   security number, and last known address, (2) the nature and amount of the debt owed, and (3) that

7   the garnishee is believed to have possession of property in which the debtor has a substantial

8   nonexempt interest. 28 U.S.C. § 3305(b)(1). If the court grants the writ of garnishment, the

9   United States must serve the writ on the garnishee and the judgment debtor along with (1)

10  instructions "explaining the requirement that the garnishee submit a written answer to the writ,"

11  and (2) "instructions to the judgment debtor for objecting to the answer of the garnishee and for

12  obtaining a hearing on the objections." 28 U.S.C. § 3205(c)(3). The garnishee is then required to

13  answer in writing. 28 U.S.C. § 3205(c)(3). Section 3205(c)(5) allows a defendant (judgment

14  debtor) to file a request for a hearing within twenty days after receipt of the answer by the

15  garnishee. 28 U.S.C. § 3205(c)(5).

16        The Court is not yet comfortable with issuing the notice and writ in this case for two

17  reasons. First, the application indicates that Ms. Reed was served with the writ application at her

18  last known address of 3229 Ashley Way, Antioch, California 94509; however, neither the

19  application nor declaration filed in support of the application reflects how this address was

20  identified. Given the passage of time and the United States' obligation to provide notice of the

21  writ under Section 3202(b) and 3205(c), the Court must assure itself that every reasonable effort

22  was made to obtain a correct address for Ms. Reed. Accordingly, the United States shall specify

23  what steps it took to determine Ms. Reed's current address and when it did so.

24        Second, the original default judgment was for $2,438.30 plus interest at a rate of 5.88

25  percent to be compounded annually. (Dkt. No. 6.) The application indicates that "the debtor has

26  paid and/or been credited with a total of $1,772.00 towards the judgment debt. As a result, there is

27  a balance due of $4,690.53, which amount includes interest computed through January 6, 2015."

28  (Dkt. No. 9 at 2:11-14.) This accounting suggests that of her original debt (not including interest),

Ms. Reed has paid all but $666.30; the United States nonetheless seeks to collect an amount seven times this number. Given that the compounded interest is assessed annually, this amount may be proper, but it is impossible to verify without an accounting of when Ms. Reed paid the $1,772.00 and how the interest was assessed during the intervening years. The United States shall supplement its application with such an accounting.

Finally, it is unclear which of the United States' filings have been served on Ms. Reed. Because the writ has yet to issue, the United States' obligation to serve arises under Section 3202(c) rather than Section 3205(c)(3). Section 3205(c) appears to apply only once the court grants the writ. Under Section 3202(c), the United States must serve a copy of the notice and the application for a writ on both the judgment debtor and the garnishee. Arguably, the United States' obligation to so serve only arises after the Clerk issues the notice which has not yet happened here given the Court's concerns. (Dkt. No. 9-3.) Nonetheless, the United States has filed a proof of service that indicates that it served Ms. Reed with:

> DECLARATION OF MICHAEL COSENTINO IN SUPPORT OF APPLICATION FOR WRIT OF CONTINUING GARNISHMENT, and the
>
> APPLICATION FOR WRIT OF CONTINUING GARNISHMENT, and the
>
> (Proposed) ORDER GRANTING APPLICATION FOR WRIT OF CONTINUING GARNISHMENT and the
>
> (proposed) WRIT OF CONTINUING GARNISHMENT

(Dkt. No. 10 at 3.) It is unclear from this proof of service whether the United States served Ms. Reed with the attachments to the Application. This ambiguity is critical because the attachments include the notice required by section 3202. The Court also notes that the attachments are docketed as "errata" even though they are not marked as "errata" on the documents themselves and they are not corrections to any previously filed documents. The United States shall explain the errata designation in its supplemental filing.

In light of these concerns and questions, within 14 days from the date of this Order the United States is ordered to file a supplemental memorandum with supporting declaration which answers: (1) what steps were taken to ascertain Ms. Reed's last known address, (2) how the

3

amount due and owing was computed, accounting for the payments that were made on the original debt, (3) exactly what documents the United States served on Ms. Reed, and (4) why the attachments to the Application are docketed as "errata."

**IT IS SO ORDERED**.

Dated: February 13, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge